# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **BELINDA BIVENS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 18-097-CG-M |
| ) | |
| **BALL HEALTHCARE SERVICES,** ) | |
| **INC., d/b/a ROBERTSDALE** ) | |
| **REHABILITATION AND HEALTH** ) | |
| **CENTER** ) | |
| **Defendant.** | |

## ORDER

This matter is before the Court on Plaintiff, Belinda Bivens' ("Bivens"), Motion to Dismiss (Doc. 106). Defendant, Ball Healthcare Services, Inc. ("Ball") has responded (Doc. 107). For the reasons set forth hereinbelow, Plaintiff's Motion is GRANTED without prejudice and with costs taxed against Plaintiff

## BACKGROUND

This action was filed by Plaintiff and three other persons against Defendant on February 28, 2018. (Doc. 1). Since that time, the parties participated in discovery, filed multiple discovery motions, attended settlement negotiations and Defendant filed a motion for summary judgment. (*See* Court Docket Sheet, generally). Prior to the filing of the subject motion, three of the four original Plaintiffs were dismissed and Plaintiff's FLSA claim was dismissed pursuant to a settlement agreement. (*See* Docs. 26, 33, 52, 58). The Court docket reflects numerous issues that have arisen in this action due to Plaintiff's failure to respond

to discovery, comply with Court orders, and appear for mandatory hearings. (*See* Court Docket Sheet, generally). Plaintiff's primary counsel, during the mists of these issues, filed a motion to withdraw as a result of his being suspended by the Alabama State Bar for a period of two years. (Doc. 89). Following the Court's order granting Plaintiff's primary counsel's withdrawal, Defendant requested a seven-day extension to file a motion for summary judgment (Doc. 99), which this Court granted (Doc. 100). Defendant filed its Motion for Summary Judgment on November 28, 2018 (Doc. 102), to which Plaintiff's response was due by December 26, 2018 (Doc. 104). On December 17, 2018, Plaintiff filed the subject Motion to Dismiss. (Doc. 106). The motion in its entirety is one sentence in which Plaintiff seeks to "voluntarily dismiss all remaining claims in the above styled matter." (*Id*.) Plaintiff's motion does not indicate whether her dismissal is requested with or without prejudice. Plaintiff did not file a response to Defendant's summary judgment motion and the time to do so has now lapsed.

On December 18, 2018, Defendant filed its response to Plaintiff's motion to dismiss, as ordered by this Court. (Doc. 107). Therein, Defendant did not object to Plaintiff's request for dismissal provided all claims are dismissed *with* prejudice and with costs taxed against Plaintiff pursuant to Fed.R.Civ.P 54(d)(1). (*Id*.) Defendant further stated that if dismissal were granted, it would withdraw its pending motion for sanctions in this action (Doc. 82)[1], but "reserves the right to file a motion for award of attorney's fee as provided under Fed.R.Civ.P. 54(d)(2), on the grounds that

---

[1] Defendant's Motion for Sanctions (Doc. 82) is hereby MOOT.

2

Bivens' claim in this lawsuit were frivolous, groundless and without foundation. 42 U.S.C. § 1988(b)." (*Id.*) Although she was not ordered to reply, Plaintiff did not file a reply or make a request to file a reply. As such, the motion is ripe for adjudication.

**DISCUSSION**

Plaintiff's motion does not state the grounds on which she seeks dismissal. However, due to the nature of the proceedings, this Court interprets Plaintiff's motion to be made pursuant to Fed. R. Civ. P. 41(a)(2). Further, Defendant has not presented any argument as to why this action should be dismissed with prejudice or with costs taxed against Plaintiff in its response. (Doc. 107). However, this Court is familiar with this action and presumes that Defendant's request for conditions is based on the position that a dismissal without prejudice would result in unfair prejudice to Defendant because of the time and resources Defendant has spent defending this action up until Plaintiff's motion was filed.

Rule 41(a)(2) provides that, in the absence of either a stipulation of dismissal signed by all parties or a notice of dismissal filed prior to a defendant's answer or motion for summary judgment, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." *Id*. "The basic purpose of Rule 41(a)(2) is to freely permit the plaintiff, with court approval, to voluntarily dismiss an action so long as no other party will be prejudiced." *Versa Products, Inc. v. Home Depot, USA, Inc.*, 387 F.3d 1325, 1327 (11th Cir. 2004) (citation omitted). A dismissal under Rule 41(a)(2) is typically without prejudice.

*See* Fed. R.Civ. P. 42(a)(2) ("…Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.")

"The district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2)." *Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001). "In exercising its broad equitable discretion under Rule 41(a)(2), the district court must weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *Id.* at 1256 (citation and internal quotation marks omitted). Such conditions may include assessment of costs and fees in appropriate circumstances. *See, e.g., Russell-Brown v. Jerry, II*, 270 F.R.D. 654, 661 (N.D. Fla. 2010) ("In dismissing a case under Rule 41(a)(2), a court may assess costs and fees associated with the action.") (citation omitted). "The crucial question to be determined is, would the defendant lose any substantial right by the dismissal." *Pontenberg*, 252 F.3d at 1255. "[I]n most cases a dismissal should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result." *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 857 (11th Cir. 1986) (emphasis omitted).

**A. Dismissal With Prejudice**

Defendant does not oppose the dismissal of this action. However, it asserts that such dismissal should be with prejudice, ostensibly, because otherwise, it would suffer legal prejudice. This Court disagrees. While Defendant has not presented any specific arguments as to why this action should be dismissed with

4

prejudice, the Court can discern from the case docket that such a position would rest on the facts that this action has been pending for almost one year during which time discovery was completed, discovery motions were litigated, depositions occurred, and a motion for summary judgment was filed. This Court additionally presumes that Defendant would argue Plaintiff has been dilatory in litigating this matter and was responsible for added costs due to Plaintiff's counsel's actions. However, even considering the status and nature of the proceedings, there remains no legal prejudice to Defendant. *See Pontenburg*, 252 F.3d at 1256 ("Neither the fact that the litigation has proceeded to the summary judgment stage nor the fact that the plaintiff's attorney has been negligent in prosecuting the case, alone or together, conclusively or per se establishes plain legal prejudice requiring the denial of a motion to dismiss") citing to *Durham v. Florida East Coast Ry. Co.*, 385 F.2d 366 (5th Cir. 1967). As a result, even taking into consideration the time and manner in which this action has been litigated, there remains no legal prejudice to be suffered by Defendant such that Plaintiff's action should be dismissed with prejudice. Accordingly, Plaintiff's dismissal is granted without prejudice.[2]

### B. Award of Costs

Defendant has additionally conditioned its non-opposition to Plaintiff's motion for dismissal on the Court's taxing cost against Plaintiff as provided by Fed. R. Civ. P 54(d)(1). Defendant has not provided any argument as to why costs should be taxed against Plaintiff as a condition of dismissal in this action. However, as

---

[2] It is worth noting that Plaintiff has not asserted that she plans to refile this action in the future, should the law permit the same.

5

discussed hereinabove, the case docket reflects that this action has been pending for almost one year, discovery has taken place, and Plaintiff filed her motion to dismiss only after Defendant filed a summary judgment motion. Further, Plaintiff's motion is silent on the issue of costs and she has not filed or requested to file a reply to Defendant's request.

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides, unless the Court orders otherwise, that "costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). To be considered a prevailing party, "there must be: (1) a situation where a party has been awarded by the court 'at least some relief on the merits of his claim' or (2) a 'judicial imprimatur on the change' in the legal relationship between the parties." *Smalbein v. City of Daytona Beach*, 353 F.3d 901, 905–07 (11th Cir. 2003) (quoting *Buckhannon*, 532 U.S. at 603, 605). When a plaintiff's motion to voluntarily dismiss a claim pursuant to Federal Rule of Civil Procedure 41(a)(2) is granted by a district court, the defendant is considered a prevailing party because there has been a "a 'judicial imprimatur on the change' in the legal relationship between the parties." *See Kearney v. Auto–Owners Ins. Co.*, 422 Fed.Appx. 812, 818 (11th Cir. 2011). Further, "[t]he purpose of awarding costs under Rule 41(a)(2) is twofold: to fully compensate the defendant for reasonable expenses incurred before dismissal and to deter vexatious litigation." *Bishop v. West American Inc. Co.*, 95 F.R.D. 494, 495 (N.D. Ga. 1982) (citation omitted).

Because the Motion to Dismiss is being granted pursuant to Rule 41(a)(2), and the Defendant is the prevailing party, it is within this Court's discretion to condition the dismissal of this action on an award of costs. Accordingly, for the reasons stated above, including the consideration of the course, nature, and length of time that this action has been pending, and in order to "do justice between the parties," *McCants*, 781 F.2d at 857, the Court finds that it is appropriate to condition the dismissal without prejudice upon the Plaintiff's payment of taxable costs. Defendant is instructed to file its Bill of Costs pursuant to S.D. Ala. CivLR 54. This Court will reserve any ruling as to fees to be awarded until such time that Defendant has filed the appropriate motion pursuant to Fed.R.Civ.P 54(d)(2).

## CONCLUSION

Plaintiff's Motion to Dismiss (Doc. 104) is GRANTED and this action is DISMISSED without prejudice and with costs taxed against Plaintiff. A ruling on the award of fees is reserved for consideration as set forth herein.

**DONE** and **ORDERED** this 23rd day of January, 2019.

/s/ Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE